**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**HAROLD G. JORDENING**                                                **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 3:15-CV-141-MPM-SAA**

**KEN K. BROWN, DEPUTY DIRECTOR**
**OF DRIVER SERVICES, BUREAU OF THE**
**MISSISSIPPI DEPARTMENT OF PUBLIC**
**SAFETY**                                                                 **DEFENDANT**

## ORDER

*Pro se* plaintiff Harold G. Jordening filed his complaint against Ken K. Brown, Deputy Direct of Driver Services, Bureau of the Mississippi Department of Public Safety, on August 17, 2016. Docket 1. The clerk's office issued a summons on August 17, 2016. Docket 2. On September 18, 2015 and December 4, 2015, Plaintiff filed documents intended as proof that he served defendant with the complaint and summons via certified mail on August 27, 2015. Docket 5 and 6.

Federal Rule of Civil Procedure 4(j)(2) states that

> **(2)** *State or Local Government*. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
>     **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
>
>     **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

It appears from plaintiff's *pro se* complaint that he has sued defendant in his capacity as Deputy Director of Driver Services, Mississippi Department of Public Safety. As such, Plaintiff must effectuate service of process under Rule 4 of the <u>Mississippi</u> Rules of Civil Procedure.

Under the Mississippi rules, service of process may not be had by certified mail upon an in-state defendant. *See Triple C. Transport, Inc. v. Dickens*, 870 So.2d 1195 (Miss. 2004). Mississippi Rule of Civil Procedure 4(c) provides for services by mail:

>  (3) *By Mail.*
>
>   (A) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.
>
>   (B) If no acknowledgement of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint may be made in any other manner permitted by this rule.
>
>   (C) Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing the notice and acknowledgement of receipt of summons.
>
>   (D) The notice and acknowledgment of receipt of summons and complaint shall be executed under oath or affirmation.

The comment to Miss. R. Civ. P. 4(c) (5) specifically states that the certified mail procedure is "limited to persons outside the state." Accordingly, plaintiff's service of process on defendant is deficient.

Plaintiff is directed specifically to Fed.R.Civ. P. 4(j)(2) and Miss.R.Civ.P. 4 for directions on how to effectuate proper service of process, whether he does so by using a process server or as otherwise allowed under those rules. The Clerk's office is directed to re-issue process, which plaintiff must serve according to Rule 4 of the Mississippi Rules of Civil Procedure. Upon proper service of process and response by plaintiff, this case will be heard

expeditiously.  Plaintiff is reminded that, even though he is a *pro se* plaintiff, he is expected to abide by all applicable Federal Rules and the Local Rules of this court.

SO ORDERED, this, the 10th day of February


                                                   __s/  S. Allan Alexander_____
                                                   UNITED STATES MAGISTRATE JUDGE